IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CHARMANE SMITH, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-2485-TLP-tmp |
| CITIBANK, N.A., | ) |
| Defendant. | ) |

---

### REPORT AND RECOMMENDATION
---

Before the court is plaintiff Charmane Smith's application to proceed *in forma pauperis*. (ECF No. 1.) Smith also filed a motion for service by the U.S. Marshal Service. (ECF No. 2.) Smith originally filed her complaint and application in the United States District Court for the Western District of Texas on May 23, 2019. (ECF Nos. 2 & 3.) Because "this action could have been brought in the Western District of Tennessee, where the events or omissions giving rise to Smith's claims allegedly occurred" and because there appeared to be "no connection between this litigation and the Western District of Texas, apart from Smith's conclusory allegation that Citibank's Director of Operations Support and Client Services is located in San Antonio," Smith's case was transferred to this District. (ECF No. 4 at 1-2.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

Federal law provides that the Clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400.[1]  28 U.S.C. § 1914(a).  To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit.  Under that section, the court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit.  A plaintiff seeking *in forma pauperis* status must respond fully to the questions on the court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

This court has previously noted that Smith is a "frequent filer of patently meritless lawsuits" who demonstrates "a marked propensity to abuse the judicial system in an attempt to harass the defendants as well as the court."  Smith v. Dell, Inc., No. 2:06-cv-2496-JDB-dkv, ECF No. 4, at 8-9 (W.D. Tenn. Jan. 24, 2007).  Accordingly, in 2007, District Judge J. Daniel Breen ordered that Smith "may not commence any action in this district without paying

---

[1]Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350.  However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."  The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed

-2-

the full civil filing fee." (Id. at 10.) Judge Breen's order likewise applies to "any action that is filed in another district and transferred to this district." (Id. at 10-11.) Those sanctions were modified and extended by then-District Judge Bernice Donald in 2010, to require, among other things, that Smith also pay "all outstanding sanctions in full before the merits of any claim, or request for relief, will be addressed." Smith v. Fed. Judges & Court Clerks, Memphis, Tenn., et al., No. 2:09-cv-02772-BBD-dkv, ECF No. 11, at 21 (W.D. Tenn. May 20, 2010).

In light of the above, it is recommended that Smith's motion for leave to proceed *in forma pauperis* and motion for service by the U.S. Marshal be denied with prejudice and that, should the presiding District Judge adopt this recommendation, Smith be required to pay the full $400.00 civil filing fee within fourteen (14) days from that order. It is further recommended that, should Smith fail to pay the filing fee within fourteen days, her complaint be dismissed without further notice.

At this time, the court is unaware of any outstanding monetary sanctions against Smith. However, to the extent such sanctions come to the court's attention at a later time, Smith will likewise be required to satisfy any outstanding sanctions before proceeding further.

Respectfully submitted,

---

*in forma pauperis* under 28 U.S.C. § 1915.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 1, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**